541 A.2d 837

Penny Denise Meadows, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs February 5, 1988, to President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John D. Gibson*, for appellant.

*Harold H. Cramer*, Assistant Counsel, with him, *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BLATT, May 20, 1988:

Penny Denise Meadows (appellant) appeals from the order of the Court of Common Pleas of Blair County denying and dismissing her appeal from the suspension of her operator's license by the Department of Transportation (DOT). The appellant's license was suspended pursuant to Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543 (driving while operating privilege is suspended or revoked). We affirm.

The underlying facts of this case are not in dispute. The appellant's operating privilege was under suspension from October 17, 1984 until November 2, 1984. On October 29, 1984 she was issued a citation for driving while her operating privilege was under suspension and was convicted on December 11, 1984. On March 13, 1985, the appellant was notified that her driving privileges were being revoked for a period of six months,[1] effective April 17, 1985, as a result of her December 11, 1984 conviction.

Section 1543(c) of the Code states that:

Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

---

[1] It is not clear why the appellant's operating privilege was revoked for six months rather than suspended for one year, but that issue has not been raised on appeal by either party.

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

The appellant argues that this paragraph should be interpreted to mean that when a driver is cited for driving while under suspension, the additional period of suspension must be tacked on to the period of suspension currently being served as an extension of that suspension.

Following the language of this paragraph, such action would clearly not always be possible. DOT must first get the certified record of conviction before they may make a determination and suspend the operating privilege. As in the instant case, a driver's initial suspension period could end before the department would receive the record of conviction. Because "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable",[2] we cannot agree with the appellant's proposed interpretation of Section 1543(c).

Accordingly, we affirm the order of the trial court.

## ORDER

AND Now, this 20th day of May, 1988, the order of the Court of Common Pleas of Blair County in the above-captioned matter is affirmed.

---

[2] Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).